**Opinion issued February 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-14-00625-CV

———————————

**STEVEN MOODY, Appellant**

**V.**

**SPRING CHRYSLER DODGE JEEP RAM DEALERSHIP CO.**

**AND AUTO NATION CORPORATION, Appellees**

---

**On Appeal from the 133rd Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 2014-26991**

---

## MEMORANDUM OPINION

Appellant, Steven Moody, proceeding *pro se* and incarcerated at the time of filing his notice of appeal from the interlocutory orders granting the appellees' motions for summary judgment, has neither paid the required filing fee nor

established indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5, 20.1; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.208, 51.941(a), 101.041(1) (West 2013), § 101.0411 (West Supp. 2014); Order Regarding Fees Charged in the Supreme Court, in Civil Cases in the Courts of Appeals, and Before the Judicial Panel on Multi-District Litigation, Misc. Docket No. 13-9127 (Tex. Aug. 16, 2013). After being notified by the Clerk of this Court on August 14, 2014, that his appeal was subject to dismissal for failure to pay the fee, appellant filed a motion for an extension of time to pay the fee on August 28, 2014, claiming that he had filed an affidavit of indigence in the trial court on July 24, 2014. Although appellant claimed that he had established his indigence and the trial clerk's website indicated that the trial clerk had filed a contest to the affidavit, no order regarding the contest had been included in the record.

Furthermore, on September 25, 2014, appellees notified the Clerk of this Court that the trial court had recently signed an order severing the John Doe defendants that appellant had sued. On October 30, 2014, this Court ordered the trial clerk to file a supplemental clerk's record containing the orders regarding the severance motions and the contest to appellant's affidavit of indigence. On January 5, 2015, the trial clerk filed a supplemental clerk's record containing the trial clerk's contest to the appellant's affidavit and motion for extension of time for a hearing on the contest, but no order regarding the contest or motion. The trial

2

clerk also filed the trial court's September 23, 2014 order granting the appellees' motions for severance, making the interlocutory orders now final and appealable.

However, the Court's October 30, 2014 Order was returned on November 17, 2014, with the following typed notations, "RETURN TO SENDER, ATTEMPTED — NOT KNOWN, UNABLE TO FORWARD," and the following handwritten notation, "RTS RLSD," indicating that it was returned to sender because appellant had been released from prison. On December 30, 2014, the Clerk of this Court notified appellant, at his last known prison address provided by him, that this appeal was subject for dismissal for want of prosecution unless he provided the Clerk his current address within 15 days of the date of that notice. On January 9, 2015, the Clerk's notice was returned with the same "RTS RLSD" notations listed above. Appellant has neither paid the filing fee nor responded to the Court's notices with any other address. *See* TEX. R. APP. P. 5; 42.3(c).

Accordingly, we **dismiss** the appeal for want of prosecution. *See* TEX. R. APP. P. 5, 42.3(b), (c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.